Chief Judge Fuld (concurring).
I agree that there should be
a reversal for the reasons set forth in the court’s opinion. However, I believe that the Trial Judge also committed reversible error when he admitted the evidence received through eavesdropping, on the ground that (at the very least) the affidavit upon which the order authorizing the eavesdrop had been issued was insufficient and inadequate on its face. (See Matter of Sarisohn, 21 N Y 2d 36, 42-43; People v. McCall, 17 N Y 2d 152; see, also, Berger v. New York, 388 U. S. 41.) This being so, the requirements of section 813-a of the Code of Criminal Procedure were not met and I need go no further to consider whether there was an invasion of the defendants ’ privacy in the constitutional sense. But, since the majority concludes that there was no such invasion, I would, in brief response, note that the meeting at which the eavesdropping occurred was for barbers only and was in no sense a public or open meeting. As the Supreme Court recently observed in Katz v. United States (389 U. S. 347, 351-352), while “ [w]hat a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection * * * what he seeks to preserve as private, even in an area accessible to the public, may be constitutionally protected.”
Judges Burke, Scileppi, Keating, Breitel and Jasen concur with Judge Bergan ; Chief Judge Fuld concurs in a separate opinion in which Judge Bergan concurs.
Judgments reversed.